**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

```
UNITED STATES OF AMERICA,        )    3:93-cr-00035-HDM
                                 )    3:11-cv-00096-HDM-RAM
         Plaintiff/Petitioner,   )
                                 )
vs.                              )
                                 )    ORDER
MARK LEE MURRAY,                 )
                                 )
         Defendant/Respondent.   )
_____)
```

Before the court is the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (#56). The government has responded (#58), and the defendant has replied (#61).

On May 19, 1993, a grand jury returned a two-count indictment against the defendant. As amended in July 1994, the indictment charged defendant with one count of carjacking under 18 U.S.C. § 2119 and one count of using a firearm during and in relation to a

1

crime of violence under 18 U.S.C. § 924(c)(1). On September 29, 1994, a jury convicted defendant of both counts, and on December 15, 1994, the court sentenced defendant to consecutive terms of imprisonment. The Ninth Circuit affirmed on November 1, 1995.

On February 8, 2011 – more than 15 years after his conviction became final – defendant filed the instant § 2255 motion (#56). The government argues that defendant's motion is untimely and without merit.

A federal inmate may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

Motions pursuant to § 2255 must be filed within one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

*Id.* § 2255(f).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which created the one-year statute of limitations, was enacted on April 24, 1996. As defendant's conviction was final before that date, defendant had until April 24, 1997, to file a § 2255 motion. *United States v. Gamboa*, 608 F.3d 492, 493 n.1 (9th Cir. 2010). Defendant did not file his motion until February 8, 2011 – well after the grace period provided by the AEDPA. Defendant asserts that his motion is nonetheless timely under § 2255(f)(3), § 2255(f)(4), and the "actual innocence" exception.[1] (*See* Def. Mot. 7).[2] He does not assert any basis for equitable tolling.

## I. Ground One – New Supreme Court Law

Defendant's first ground for relief asserts that *Abbott v. United States*, – U.S. –, 131 S. Ct. 18 (2010) recognized a new right that is retroactively applicable to his case on collateral review. He asserts that in light of this new right he must be resentenced. For the first time in his reply, defendant additionally asserts that the Supreme Court's decision in *United States v. O'Brien*, – U.S. –, 130 S. Ct. 2169 (2010) supports his motion for the same reason. As such, defendant asserts that his motion is timely under § 2255(f)(3). The court will discuss each contention in turn.

In *Abbott*, the Court was called upon to interpret 18 U.S.C. § 924(c) as it was reformulated in 1998. Before 1998, the statute

---

[1] Defendant also refers to this as the "miscarriage of justice" or "manifest injustice" exception. (*See* Def. Mot. 15).

[2] All cites are to the docket page numbers and not to the page numbers provided by defendant.

3

required that violations be punished by mandatory sentences consecutive to other counts of conviction.  The 1998 amendment modified this mandate by providing for minimum consecutive sentences "[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§ 924(c) itself] or by any other provision of law."  *Id.*  The defendants in *Abbott* had argued that the "except clause" insulated them from consecutive sentences where another count of conviction provided a higher minimum sentence. The Court rejected this argument, holding that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."  *Id.* at 23.  In so holding, the Court explained that "any other provision of law" referred to statutes that punish the same conduct that is prohibited by § 924(c).

*Abbott* interpreted § 924(c) as amended in 1998.  Defendant was indicted, convicted, and sentenced under the pre-1998 statute, which did not contain the language on which he relies.  The statute in effect when defendant committed the crime controls.  *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) ("The 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application.") (citing *United States v. Avila-Anguiano*, 609 F.3d 1046, 1050 (9th Cir. 2010)); *United States v. Haines*, 855 F.2d 199, 200 (5th Cir. 1988) ("[T]here is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the

4

culpability level of that crime after it was committed."); *United States v. Hayes*, 929 F.2d 741, 742 (D.C. Cir. 1991).  The Supreme Court recognized that under the pre-1998 version, defendants were without question subject to consecutive sentences for § 924(c) violations.  *See Abbott*, 131 S. Ct. at 23.  Accordingly, not only does *Abbott* not apply in this case, it also reaffirms the propriety of defendant's consecutive sentences.[3]

Neither *Abbott* nor the statutory language it interprets applies to defendant's conviction.  Because *Abbott* does not apply to defendant's conviction, it cannot provide a basis for finding his motion timely under § 2255(f)(3). In addition, because *Abbott* does not apply to defendant's case, his assertion that it requires that he be resentenced is without merit.

The result would be no different even if *Abbott* did control.[4] Defendant appears to argue that because the carjacking statute at the time he was convicted included the use of a firearm as an element, it punished the same conduct punished by § 924(c).  Thus, he argues, the carjacking statute qualified as "any other provision of law" under *Abbott*'s definition.  In line with the arguments asserted by the defendants in *Abbott*, he argues that the sentence

---

[3] Defendant asserts that when the Supreme Court "construes a statute, it is explaining its understanding of what the statute has meant continuously since the date when it became law." *O'Brien*, 130 S. Ct. at 2178. Defendant is apparently arguing that the Supreme Court's interpretation of a statute applies retroactively to all versions of the statute. The court disagrees. The Supreme Court's interpretation of statutory language can extend only as far back as the time the language was in effect. It does not extend to prior versions of a statute that did not contain that language.

[4] The court need not and does not reach the issue of whether, even assuming *Abbott* applies, it is a newly recognized retroactively applicable right for the purposes of 28 U.S.C. § 2255(f)(3).

for his § 924(c) offense should have been subsumed within the sentence for his carjacking offense.

To make this argument, defendant invokes the carjacking statute as it existed at the time he was convicted and sentenced and a version of § 924(c) that did not exist at that time. At no time, in fact, were those two versions contemporaneously in effect. *See* 18 U.S.C. § 2119 ("possession of a firearm" language removed from statute in 1994); 18 U.S.C. § 924(c) ("except" clause added in 1998). Absent explicit Congressional direction that § 924(c) is to apply retroactively, there is simply no basis for construing the two statutes together in this case.

Even if the statutes could be read together and *Abbott* stands for the proposition urged by defendant,[5] defendant's basic argument is flawed. Assuming the carjacking statute qualifies as "any other provision of law" as defined in *Abbott*, it does not and did not at the time of defendant's conviction provide for a greater minimum sentence than defendant's § 924(c) conviction. Section 2119 in fact provided for no minimum sentence at all. It cannot, therefore, provide for a "greater minimum sentence" than that dictated by § 924(c), and thus has absolutely no effect on defendant's consecutive sentence for his § 924(c) conviction. Thus *Abbott*, even if it controlled, still does not provide defendant with grounds for relief.

Defendant also argues that the minimum sentence for his § 924(c) violation in this case was higher than the minimum sentence

---

[5] The court makes no determination as to whether § 2119 as it existed in 1994 punished the same conduct punished in § 924(c), or whether such would essentially erase the consecutive sentence imposed for the § 924(c) violation.

for an earlier § 924(c) conviction – this one obtained against him in California.  He argues that his California sentence should therefore be "consumed" by his sentence in this case.  *Abbott* does not stand for the proposition that § 924(c) convictions in separate proceedings must be run concurrently if one is longer than the other.  Accordingly, this argument is also without merit.

Defendant also relies on *United States v. O'Brien*, – U.S. –, 130 S. Ct. 2169 (2010).  *O'Brien* also involved the interpretation of § 924(c) as it was reformulated in 1998.  At issue was whether the fact that the firearm used was a machinegun was an element of the offense that must be proved to the jury or whether it was a sentencing factor for the court.  The Court held, consistent with its interpretation of the pre-1998 version of § 924(c), that such was an element of the offense.

Defendant argues that under *O'Brien*, the fact that his § 924(c) violation was "second or subsequent" was an element of the offense that the government was required to plead and prove to the jury.  Because the government did not do so, he contends, his sentence is impermissibly high.

As with *Abbott*, *O'Brien* interpreted a version of § 924(c) that does not apply to defendant's conviction.  Even if *O'Brien* applied, however, it would not provide defendant any relief.  *O'Brien* did not hold that all parts of § 924(c) – and in particular the "second or subsequent" aspect – are elements that must be proven to the jury. *See United States v. Moore*, 2011 WL 43123, at *2 (N.D. Okla. Jan. 4, 2011) (noting that the "second or subsequent" provision "addresses recidivism, a category long treated distinctly by courts" and citing cases holding prior convictions do not need to

7

be submitted to the jury); *United States v. Moore*, 2011 WL 672588, at *3 (N.D. Okla. Feb. 14, 2011) (noting that *O'Brien* did not address the "second or subsequent" provision of § 924(c)). To the extent such a holding may be extrapolated from *O'Brien*, however, that holding was not new. The Court had in 2000 interpreted the pre-1998 version of § 924(c) the same way. *See Castillo v. United States*, 530 U.S. 120 (2000). Even if *O'Brien* stood for the proposition defendant urges, that argument has been available to him since 2000. Accordingly, defendant's *O'Brien* claim is both without merit and untimely and therefore must be denied.

Within his first claim for relief, defendant also asserts that he is "actually innocent." Actual innocence "is not in itself a constitutional claim, but would serve only to remove the timeliness bar so that claims may be heard on the merits." *United States v. Zuno-Arce*, 339 F.3d 886, 890 n.5 (9th Cir. 2003) (citing *Majoy v. Roe*, 296 F.3d 770, 776 n. 1 (9th Cir. 2002)). Defendant does not argue that he is actually innocent of carjacking or the § 924(c) offense. Rather, he argues that he is actually innocent of the "second or subsequent" aspect of his § 924(c) conviction. In so asserting, defendant relies on the dissenting opinion in *Deal v. United States*, 508 U.S. 129 (1993).[6] As the government correctly points out, *Deal* supports defendant's § 924(c) conviction and sentence in this case. A habeas petitioner has the burden of proving actual innocence. *Jaramillo v. Stewart*, 340 F.3d 877, 883

---

[6] While defendant also cites a portion of the majority opinion for the proposition that his conviction in this case should not be considered "second or subsequent," the citation is taken out of context. The majority in fact rejected the argument defendant claims it accepted. *See Deal*, 508 U.S. at 133-34.

8

(9th Cir. 2003). Defendant has not carried this burden. Accordingly, the "actual innocence" exception does not apply to render defendant's motion timely.

Because neither *Abbott* nor *O'Brien* applies to defendant's case, and *Deal* affirmatively supports his sentence, plaintiff's first ground for relief is both untimely and without merit. The court therefore denies defendant's § 2255 motion on his first ground for relief.

**II. Ground Two – Ineffective Assistance of Counsel**

Defendant's second ground for relief asserts ineffective assistance of counsel. This claim, he argues, is timely under § 2255(f)(4). Section 2255(f)(4) requires a motion to be filed within one year of the date upon which the "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." While defendant argues that he only recently learned of his "attorney's duties under prevailing professional norms, and of the attorney's breaches of those duties," (Def. Mot. 11), he does not explain why he was previously unable to discover those alleged deficiencies despite exercising due diligence. Therefore, his motion is not timely under § 2255(f)(4).

Even if the claim were timely, however, it lacks merit. Ineffective assistance of counsel is a cognizable claim under § 2255. *Baumann v. United States*, 692 F.2d 565, 581 (9th Cir. 1982). In order to prevail on a such a claim, the defendant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* at 687-88. "Review of counsel's performance is highly

deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). Second, the defendant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. This requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The defendant must establish both deficient performance and prejudice in order to prevail on a § 2255 claim. *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

Defendant asserts that his attorney was ineffective for failing to argue that his § 924(c) sentence was invalid under *Deal*, 508 U.S. 129. He asserts no other basis for this claim. As already discussed, *Deal* supports the validity of defendant's sentence. "[C]ounsel cannot be deemed ineffective for failing to raise [a] meritless claim." *See Gonzalez v. Knowles*, 515 F.3d 1006, 1017 (9th Cir. 2008). Defendant has not shown his counsel's performance was deficient.

As defendant's second ground for relief is neither timely nor meritorious, the defendant's motion on that ground is hereby denied.

**III. Ground Three – Eighth Amendment**

Defendant's third ground for relief asserts that his sentence violates the Eighth Amendment because it is disproportionate to his offense. Defendant provides no basis for finding this claim timely filed, and none is apparent from the record.

10

In addition, the government argues that this claim is procedurally defaulted because it was not raised on direct appeal. "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Defendant appears to argue that the "cause" was his attorney's ineffective assistance. "Attorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). In fact, "cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

The Ninth Circuit has held that mandatory consecutive sentences for § 924(c) violations do not violate the Eighth Amendment. *United States v. Parker*, 241 F.3d 1114, 1117-18 (9th Cir. 2001). Accordingly, the defendant can show neither that his counsel was ineffective for failing to raise the Eighth Amendment claim nor actual prejudice from the failure to do so. Nor has defendant shown that any external impediment prevented his counsel from raising the claim on appeal.

As a result, defendant's third ground for relief is both untimely and procedurally defaulted, and his motion on that ground is therefore denied.

**IV. Ground Four – Tenth Amendment**

Defendant's fourth ground for relief asserts that his

conviction is invalid because Congress lacked authority to penalize carjacking under the Tenth Amendment. The defendant was convicted and sentenced and his conviction became final more than fifteen years ago. Therefore, the claim is time barred unless the Supreme Court had within the last year recognized a Tenth Amendment right and made it retroactively applicable on collateral review. The Supreme Court has not done so. While the Court has recently granted a petition for writ of certiorari to consider this very question, *see Bond v. United States*, 131 S. Ct. 455 (2010), granting certiorari is not the same as recognizing a right.[7] Accordingly, defendant's fourth ground for relief is untimely, and the motion on that ground is hereby denied. The denial is without prejudice should the Supreme Court's decision in Bond provide a basis for renewing this claim.

For the foregoing reasons, defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (#56) is hereby **DENIED**.

DATED: This 7th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[7] This court makes no determination as to whether the Ninth Circuit recognized a criminal defendant's right to assert a Tenth Amendment claim at the time of defendant's direct appeal in this case.

12