1

2

3

4

5

6

7

8

9

10

11

12 **UNITED STATES DISTRICT COURT**

13 **DISTRICT OF NEVADA**

14

15 UNITED STATES OF AMERICA,        )        3:93-cr-00035-HDM
                                   )        3:11-cv-00096-HDM-RAM
16            Plaintiff/Respondent,  )
                                   )
17 vs.                              )
                                   )        ORDER
18 MARK LEE MURRAY,                )
                                   )
19            Defendant/Petitioner.  )
   _____ )

20

21        On June 7, 2011, the court denied as untimely and without

22 merit the defendant's motion to vacate, set aside, or correct

23 sentence pursuant to 28 U.S.C. § 2255.  The denial was without

24 prejudice as to defendant's fourth ground for relief.  On July 8,

25 2011, defendant filed a motion for reconsideration (#63).  The

26 motion addresses only the court's denial of defendant's fourth

27 ground for relief.  The government has opposed defendant's motion

28 (#64), and the defendant has replied (#68).

1

1    Motions pursuant to § 2255 must be filed within one year from

2  the latest of

3         (1) the date on which the judgment of conviction
          becomes final;
4
          (2) the date on which the impediment to making a
5         motion created by governmental action in violation of
          the Constitution or laws of the United States is
6         removed, if the movant was prevented from making a
          motion by such governmental action;
7
          (3) the date on which the right asserted was
8         initially recognized by the Supreme Court, if that
          right has been newly recognized by the Supreme Court
9         and made retroactively applicable to cases on
          collateral review; or
10
          (4) the date on which the facts supporting the claim
11        or claims presented could have been discovered
          through the exercise of due diligence.
12
   28 U.S.C. § 2255(f).  When defendant filed his § 2255 motion, his
13
   conviction had been final for more than fifteen years.  As no other
14
   provision of § 2255(f) applied to render the motion timely on any
15
   ground, the court denied the petition as untimely.
16
        In his petition and motion for reconsideration, defendant
17
   asserts that the statutes under which he was convicted, 18 U.S.C. §
18
   2119 and 18 U.S.C. § 924(c), were enacted in excess of Congress'
19
   powers under the Commerce Clause.  In its order denying defendant's
20
   petition, the court found this claim untimely because defendant had
21
   not pointed to any Supreme Court decision newly recognizing a
22
   relevant right retroactively applicable on collateral review.
23
   Subsequent to the court's order, the Supreme Court ruled that an
24
   individual indicted for violating a federal statute may have
25
   "standing to challenge its validity on grounds that, by enacting
26
   it, Congress exceeded its powers under the Constitution." *Bond v.*
27
   *United States*, 131 S. Ct. 2355, 2360 (June 16, 2011).  Defendant
28

2

1 argues that in *Bond* the Supreme Court newly recognized the

2 individual right to challenge criminal statutes under the Tenth

3 Amendment and thus his fourth ground for relief is now timely.

4      The Supreme Court's decision in *Bond* does not provide any

5 basis for granting defendant relief.  Even assuming that *Bond* newly

6 recognized the right of defendant to challenge the statutes of his

7 conviction under the Tenth Amendment and made it retroactively

8 applicable on collateral review, the Ninth Circuit has squarely

9 held that both statutes were valid exercises of Congress' Commerce

10 Clause power.  *United States v. Cortes*, 299 F.3d 1030, 1032-35 (9th

11 Cir. 2002) (holding that carjacking statute is valid exercise of

12 Congress' power under the Commerce Clause even after the Supreme

13 Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995)

14 and *United States v. Morrison*, 529 U.S. 598 (2000)); *United States*

15 *v. Harris*, 108 F.3d 1107, 1109 (9th Cir. 1997) (holding that §

16 924(c)(1) is valid exercise of Congress' Commerce Clause power).

17 As neither statute under which defendant was convicted exceeds

18 Congress' powers under the Constitution, defendant's fourth ground

19 for relief is without merit.[1]

20      For the first time in his reply, defendant raises an "as-

21 applied" challenge to his conviction under both the Ninth and Tenth

22 Amendments.  Generally an argument raised for the first time in a

23 reply is considered waived and the court need not consider it.  *See*

24 *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district

25

26

27      [1] Because defendant's claim is without merit, the court does not reach
the issue of procedural default.  *See Franklin v. Johnson*, 290 F.3d 1223,
1232 (9th Cir. 2002).  However, the court does note that defendant raised

28 his claim regarding the carjacking statute on direct appeal. *See United
States v. Murray*, 70 F.3d 121, at *3 (9th Cir. 1995).

1  court need not consider arguments raised for the first time in a
2  reply brief."). Even if the court were to consider these late-
3  raised claims, however, defendant has completely failed to support
4  them.

5      The Ninth Amendment to the United States Constitution states:
6  "The enumeration in the Constitution, of certain rights, shall not
7  be construed to deny or disparage others retained by the people."
8  It thus "protects rights not enunciated in the first eight
9  amendments." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th
10 Cir. 1986). Defendant has not identified any unenumerated right
11 violated by his convictions under 18 U.S.C. § 2119 and 18 U.S.C. §
12 924(c). To the extent he asserts the Ninth Amendment as a
13 standalone claim and not simply as context for his Tenth Amendment
14 claim, then, the claim is without merit.

15     An "as-applied" challenge contends the law is unconstitutional
16 as applied to the defendant's particular circumstance, even though
17 the law may be capable of valid application to others. *Foti v.*
18 *City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). Defendant
19 has made no argument or showing that 18 U.S.C. § 2119 and 18 U.S.C.
20 § 924(c) violate the Ninth and Tenth Amendments as applied to him.
21 Accordingly, his as-applied challenge is also without merit.

22     For the foregoing reasons, defendant's motion to reconsider
23 (#63) is **DENIED**.

24     DATED: This 30th day of September, 2011.

25

26 _____
   UNITED STATES DISTRICT JUDGE

27

28

4